# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEISA LOWE,**

        **Plaintiff,**

        v.                                          **Case No. 17-CV-976**

**WAL-MART STORES, INC.,**

        **Defendant.**

## DECISION AND ORDER

At a scheduling conference on April 26, 2018, counsel for defendant Wal-Mart Stores, Inc. acknowledged that no one had requested a jury trial but inquired if doing so would be "a difficult proposition at this stage." The court responded that, from its perspective, there were no logistical reasons why the matter could not be tried to a jury, provided the defendant submitted a jury demand. Defense counsel stated he would follow-up with his client and let the court know.

The order that followed this conference referred to the scheduled trial as a jury trial. (ECF No. 21.) On May 7, 2018, plaintiff Leisa Lowe moved to amend the scheduling order to reflect that the matter would be tried without a jury. (ECF No. 22.) On May 11, 2018, Wal-Mart moved pursuant to Fed. R. Civ. P. 39(b) to have this matter

tried by a jury. (ECF No. 24.) It submitted a single, combined brief in support of its motion and in response to Lowe's motion. (ECF No. 25.) Later that same day Lowe responded to Wal-Mart's motion. (ECF No. 26.) Lowe did not otherwise reply in support of her motion. Wal-Mart was not entitled to reply in support of its motion because it filed its motion as an expedited motion under Civil Local Rule 7(h).

Wal-Mart's contends that, when it removed this case to this court from state court, it requested a jury trial by checking on the civil cover sheet the "Yes" box next to "JURY DEMAND."[1] (ECF No. 1-4.) It states, "Going forward, there was no mention or reference in any document or at any hearing before the Court as to whether the case would be tried to a jury or to the Court. Defendant presumed the issue was moot as a jury had already been demanded via the Civil cover sheet." (ECF No. 25 at 2.) This assertion, however, is inconsistent with the clear language on the civil cover sheet.

The civil cover sheet explicitly states: "The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law …." The jury demand question is found in section VII of the civil cover sheet, titled "Requested in Complaint." It explicitly states, "CHECK YES only if demanded in *complaint*." (ECF No. 1-4 (emphasis added).) Lowe did not request a jury trial in the complaint.

---

[1] Ordinarily, the civil cover sheet is completed by the plaintiff but here it was completed by the defendant because the defendant removed this action from state court.

Moreover, at the recent scheduling conference Wal-Mart's counsel acknowledged that neither party had requested a jury trial. That concession is inconsistent with the present assertion that Wal-Mart always understood this would be resolved by a jury trial.

The court attaches no weight to the fact that Wal-Mart indicated on the cover sheet that a jury trial had been demanded in the complaint. Not only is it factually incorrect, but to the extent it could be regarded as reflecting the defendant's demand, "[i]t is axiomatic that a civil cover sheet notation reflecting a jury demand does not comply with the demand procedures specified under Fed. R. Civ. P. 38(b)." *Fidlar Techs. v. LPS Real Estate Data Sols., Inc.*, No. 4:13-cv-04021-SLD-JEH, 2014 U.S. Dist. LEXIS 199330, at *3 (C.D. Ill. Sep. 29, 2014) (quoting *Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 271 n. 4 (N.D. Ill. 1994)). If the situation were reversed and Lowe was now insisting on a jury trial that she never demanded, the court would not hold Wal-Mart to the consequences of an inattentively checked box on the civil cover sheet. The pleadings would control there; the pleadings control here.

Thus, the question is whether the court should grant Wal-Mart's untimely motion to have this matter decided by a jury.

"On any issue triable of right by a jury, a party may demand a jury trial by … serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served;

and … filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

Thus, "Rule 39(b) allows the district court to grant an untimely demand for a jury, but only, the courts have held, if a good reason for the belated demand is shown." *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007) (citing *Pacific Fisheries Corp. v. HIH Casualty & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *SEC v. Infinity Group Co.*, 212 F.3d 180, 195-96 (3d Cir. 2000)).

> The Court may excuse a party's untimeliness and order a trial by jury if the balance of the following factors weigh in favor of granting such relief: "(1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of delay; and (5) the reason for the movant's tardiness in demanding a jury trial."

*E. Div. Electro-Brand, Inc. v. MEM-CE, L.L.C.*, No. 17 C 3554, 2018 U.S. Dist. LEXIS 37417, at *8 (N.D. Ill. Mar. 7, 2018) (quoting *Lee v. Love's Travel Stops &, Country Stores, Inc.*, No. 1:15-cv-07774, 2016 U.S. Dist. LEXIS 41945, at *2 (N.D. Ill. Mar. 29, 2016); citing *Kirsch v. Brightstar Corp.*, No. 12 C 6966, 2014 U.S. Dist. LEXIS 146641, at *6 (N.D. Ill. Oct. 10, 2014)). "The Court may exercise its discretion to grant a motion for a jury trial where the 'totality of the circumstances surrounding the untimely jury demand indicates that there is some colorable justification for [it] and that noncompliance has no substantive

4

effect on the other party.'" *E. Div. Electro-Brand*, 2018 U.S. Dist. LEXIS 37417, at *8 (quoting *Kirsch*, 2014 U.S. Dist. LEXIS 146641, at *6).

In support of its motion Wal-Mart states, "At most, the lack of an earlier formal demand for a jury trial in this case was the result of inadvertence due to misplaced reliance on the civil cover sheet, and inadvertence is not a bar to the Court's grant of a motion for jury trial." (ECF No. 25 at 3 (citing *Fidlar Techs. v. LPS Real Estate Data Sols., Inc.*, No. 4:13-cv-04021-SLD-JEH, 2014 U.S. Dist. LEXIS 199330, at *3 (C.D. Ill. Sep. 29, 2014).) Whether an attorney's mistake—inadvertently failing to request a jury trial—is a reason to excuse an untimely demand is a question subject to some confusion within the Seventh Circuit. In 1982, the Court of Appeals explicitly held that inadvertence does not excuse waiver: "As a general rule, mere inadvertence will not justify relief from a waiver of the right to trial by jury; some other reason for relief must be shown." *Ma v. Cmty. Bank*, 686 F.2d 459, 470 (7th Cir. 1982) (citing 5 Moore's Federal Practice P39.09, at 39-19 (2d ed. 1981)). But the following year the Court said, "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted. … The mere fact … that plaintiff's motion for a jury trial was 'too late' is neither a strong nor a compelling reason to deny the fundamental right to a jury trial." *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983).

Several district courts read *Merritt* as announcing a new rule that superseded the principle announced in *Ma* that inadvertence was never sufficient. *See, e.g., Fidlar Techs.*,

5

2014 U.S. Dist. LEXIS 199330, at *5 (C.D. Ill. Sep. 29, 2014); *Laurence v. Minn. Mut. Life Ins. Co.*, No. 88 C 10027, 1990 U.S. Dist. LEXIS 14150, at *5 (N.D. Ill. Oct. 19, 1990) (holding that in light of *Merritt* "attorney inadvertence *is* a sufficient reason for granting an untimely jury demand." (emphasis in original)); *Karol v. Bear Stearns & Co.*, 708 F. Supp. 199, 201 (N.D. Ill. 1989) ("[I]nadvertence such as that set forth by the Karols may, in the absence of strong and compelling reasons to the contrary, provide a basis for relief under Rule 39(b)."); *Optigraphics Corp. v. Gunthorp-Warren Printing Co.*, No. 87 C 9597, 1988 U.S. Dist. LEXIS 4116, at *2 n.1 (N.D. Ill. May 8, 1988) ("In *Merritt*, the court implicitly undermined the reasoning in *Ma* by citing with approval a case where leave to file an untimely jury demand was given notwithstanding counsels' inadvertence.").

However, as clarified by the Court of Appeals in *Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998), *Merritt* is not inconsistent with *Ma*. *See also Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 272 (N.D. Ill. 1994). The court noted that the reference in *Merritt* to "strong and compelling" reasons "may have been a rhetorical flourish rather than a legal standard." *Members*, 140 F.3d at 703. Significantly, the court in *Merritt* noted cases from other circuits that held that the mere inadvertence of counsel is not enough to support a late demand for a jury trial (without mentioning *Ma*), but it then distinguished those cases because *Merritt* involved "a blind pro se litigant who indicated from his first pleadings, through his requests for counsel, that he did not feel competent to represent himself in court." *Merritt*, 697 F.2d at 767.

Thus, at best *Merritt* might be read as suggesting that a lower standard should apply to pro se litigants who mistakenly fail to demand a jury trial. But following the Supreme Court's decision in *McNeil v. United States*, 508 U.S. 106, 112-13 (1993), such a distinction could not stand: "rules apply to uncounseled litigants and must be enforced." *Members*, 140 F.3d at 702. Thus, the *Members* court concluded:

> [T]he district judge may require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline in Rule 38(b). Once such a reason has been advanced, the district court "ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy".

*Members*, 140 F.3d at 703 (quoting Charles Alan Wright & Arthur R. Miller, 9 Federal Practice & Procedure § 2334 at 189 (1995)).

The conclusion of the Court of Appeals in *Members* is consistent with an earlier district court decision which this court finds instructive. In *Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 272 (N.D. Ill. 1994), the court said:

> This court is of the view that *Ma* and *Merritt* are not inapposite or mutually exclusive. Rather, these decisions co-exist and stand for the proposition that Rule 39(b) relief should be granted only if the totality of the circumstances surrounding the untimely jury demand indicates that there is some colorable justification for the tardy jury demand and that noncompliance has no substantive effect on the other party.

Thus, the court concludes that the party late in demanding a jury trial must, as a threshold matter, show "a good reason for the belated demand." *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007). If the movant shows a good reason, the court proceeds to consider all relevant circumstances, and as part of that

7

balancing considers the reason for the delay. *See E. Div. Electro-Brand*, 2018 U.S. Dist. LEXIS 37417, at *8 (quoting *Lee*, 2016 U.S. Dist. LEXIS 41945, at *2; citing *Kirsch*, 2014 U.S. Dist. LEXIS 146641, at *6).

As explained above, Wal-Mart's explanation for its delay is two-fold. First, it contends it relied on the box checked on the civil cover sheet as a jury demand. Because this assertion is inconsistent with defense counsel's statements at the recent telephonic conference, where he clearly stated he was under the impression that no jury demand had been made, the court affords it no weight. Wal-Mart's second argument is, in effect, "we made a mistake." But that is not a "good reason." If it were, then there would scarcely be any case where the movant could not satisfy the threshold requirement of stating a good reason, which would be rendered effectively without meaning.

Even if the court were to look past Wal-Mart's threshold failure to provide a good reason for its failure to timely demand a jury trial, the court would conclude that a balancing of all relevant circumstances would not favor granting Wal-Mart's request.

As to whether this case is one that is best tried by a jury, it involves a slip-and-fall--the kind of a case a jury is certainly capable of handling. This factor probably weighs in favor of granting Wal-Mart's motion. However, all of the other factors weigh against granting Wal-Mart's motion.

Wal-Mart answered Lowe's complaint on July 27, 2017. Counting from that date until April 26, 2018, when Wal-Mart's attorney first broached the subject of a jury demand at the scheduling conference, its request was well over eight months tardy.

That delay, spanning the entire discovery period, prejudices Lowe. As the Court of Appeals acknowledged, parties prepare differently depending upon whether a case will be tried to a jury or to a judge, and the nature of the trial is likely to affect settlement discussions. *See Olympia Express*, 509 F.3d at 351. Lowe notes that a matter in dispute is the medical necessity of certain treatment she received. She argues that she would prepare and present this evidence very differently if the matter were tried by a jury or by a judge. (ECF No. 26 at 5.) She alleges that, if the court were to grant Wal-Mart's request for a jury trial, it "would require Ms. Lowe to adjourn the trial date and re-open discovery to prepare the case for a jury trial." (ECF No. 26 at 5.) Although the court would not necessarily grant a motion to reopen discovery, there is certainly the potential that granting Wal-Mart's request would delay this matter and disrupt the court's schedule.

Although the risk of prejudice to Lowe is probably relatively modest, in the absence of any good reason for Wal-Mart's delay, and the length of the delay strongly weighing against granting Wal-Mart's motion, the balance strongly favors denying Wal-Mart's motion.

**IT IS THEREFORE ORDERED** that Leisa Lowe's motion to amend the court's scheduling order (ECF No. 22) is **granted**. A court trial shall commence on **August 6, 2018** at **8:30 AM** in Courtroom 242 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee. The parties are excused from the requirement of Civil Local Rule 16(c)(1)(I) regarding submitting proposed findings of fact and conclusions of law with their final pretrial report.

**IT IS FURTHER ORDERED** that Wal-Mart Stores, Inc.'s motion for jury trial (ECF No. 24) is **denied**.

Dated at Milwaukee, Wisconsin this 13th day of June, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge